# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PRINTUS LEE DURHAM, JR.**                                                     **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.:1:08-CV-345-HSO-JMR**

**MIKE BYRD**                                                                                      **DEFENDANT**

_____

## REPORT & RECOMMENDATION
_____

This matter is before the Court pursuant to Respondent's Motion [9-1] to Dismiss, which was filed on November 6, 2008. To date, Durham has yet to file a response in opposition. Having considered the Respondent's Motion [9-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [9-1] is well-taken and should be granted. Accordingly, Durham's petition in the above-captioned action should be dismissed.

## PROCEDURAL HISTORY

Petitioner, Printus Lee Durham, Jr., ("Durham") is currently incarcerated in the Jackson County Jail in Pascagoula, Mississippi as a pre-trial detainee. The Circuit Court of Jackson County indicted Durham for possession of a stolen firearm and armed robbery on August 29, 2008. *See* Exhibit "A" attached to Motion [9-1]. Durham was served a copy of the indictment. *See* Exhibit "B" attached to Motion [9-1]. On September 26, 2008, Durham was arraigned on the charges at issue. *See* Exhibit "C" attached to Motion [9-1]. Durham was appointed counsel, and is currently represented by the Jackson County public defender's office. *See id.* Durham's case was set for trial on November 17, 2008. *See* Exhibit "B" attached to Motion [9-1]. Additionally, Durham filed a Motion to Dismiss and a Motion for Speedy Trial which were pending before the trial court at the

time Respondent submitted the present Motion.

On August 5, 2008, Durham filed his instant Petition for Writ of Habeas Corpus. In his Petition, Durham alleges that he has been incarcerated since October 2007, and that no indictment has been filed. *See* Petition [1-1]. Accordingly, Durham requested that this Court dismiss charges pending against him based on the following:

> [F]ailure of Jackson County, Mississippi, to exercise due process of law in this case and the denial of applicant's constitutional rights not to be held indefinitely without legal counsel, charge or trial by simply accusing applicant of crime but never presenting said evidence to a grand jury of applicant's peers in a timely manner.

*See* Petition [1-1]. Durham later supplemented his Petition with a Motion [6-1] requesting that all charges be dropped and that he be released from custody. In his Motion, Durham alleges that Jackson County failed to indict him and prosecute his case in a timely manner. *See* Motion [6-1].

## **ANALYSIS**

As of the date he filed his Petition, Durham was merely awaiting trial, and had not yet been convicted and sentenced for any crime. As such, Durham was a county inmate rather than a State inmate, and therefore he should be designated as a "pre-trial detainee." Accordingly, Durham's Petition must be considered pursuant to 28 U.S.C. § 2241.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, and "one who seeks only to enforce the state's obligation to bring him promptly to trial," *Id.* at 490 (citing *Smith v. Hooey*, 393 U.S. 374 (1969)). The United States Court of Appeals for the Fifth Circuit held that the distinction is based on the type of relief requested by the petitioner. *See Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly function of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

In both his Petition [1-1] and Motion [6-1], Durham does not request that the state fulfill its obligation to provide him with a prompt and speedy trial, but rather requests that his state criminal charges be dismissed. As such, Petitioner is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09. Furthermore, Durham has failed to present any argument that the particulars of his incarceration constitute "special circumstances" which warrant disposition of the State's judicial process. Accordingly, Durham's petition must be dismissed for failure to state a claim upon which habeas relief may be granted.

Assuming, *arguendo*, that Durham's Petition seeks to force the state to go to trial, the Court finds that his Petition must be dismissed for failure to exhaust state remedies. The Fifth Circuit has previously addressed the exhaustion requirement under section 2241, stating:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court **or by other state procedures available to the petitioner**.

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987) (emphasis added) (citations omitted).

A review of the record indicates that, as of the date his Petition was filed, Durham had both a motion to dismiss and a demand for speedy trial pending before the trial court. These motions had been pending for less than two months before Durham filed the present federal habeas Petition. As such, the Court finds that Durham did not provide the state court with a fair opportunity to address his claims. Therefore, Durham's Petition should be dismissed for failure to exhaust state court remedies.

Durham filed the present Petition for federal habeas relief on August 5, 2008. However, since the date of filing, the record indicates that Durham's case has been steadily moving toward a resolution. Durham was arraigned on the charges at issue on September 26, 2008. Further, Durham was appointed counsel and tentatively scheduled to stand trial on November 17, 2008. In light of Durham's pending trial date, the Court recognizes that Durham's Petition may have now been rendered moot.

## CONCLUSION

As of the date Durham filed his petition, he was a pre-trial detainee, and had not yet been convicted or sentenced for any crime. In his Petition for federal habeas relief, Durham alleged that Jackson County had failed to provide him with Due Process. However, Durham's Petition sought

dismissal of the pending state charges rather than to force the State to fulfill its obligation to provide him with a prompt trial.  Accordingly, Durham's petition should be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, for failure to exhaust available state remedies.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   10th   day of December, 2008.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE