**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PRINTUS LEE DURHAM, JR.**                                                **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:08CV345-HSO-JMR**

**MIKE BYRD**                                                           **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause comes before the Court on the Report and Recommendation [10] of
Chief United States Magistrate Judge John M. Roper entered in this cause on
December 9, 2008, and on this Court's Order to Show Cause [12] entered on
January 15, 2009.  The record reveals that Plaintiff has neither filed a Response to
Defendant's Motion, nor has he filed objections to the Magistrate's Report and
Recommendation.  On December 28, 2008, the envelope containing the Report and
Recommendation was returned by the Postal Service and marked as undeliverable.
*See* Mail Returned as Undeliverable [11].

The Order to Show Cause directed Petitioner to file, within twenty (20) days
from entry of the Order, a response to show cause why this Court should not
dismiss his Petition for Writ of Habeas Corpus for failure to prosecute, and to show
cause why this Court should not grant Respondents' Motion and dismiss his
Petition for Writ of Habeas Corpus for failure to state a claim upon which habeas
relief may be granted or, in the alternative, for failure to exhaust available state
remedies.  *See* Order to Show Cause [12], at p. 4.  On January 26, 2009, the

envelope containing the Order to Show Cause was also returned by the Postal Service and marked as undeliverable. *See* Mail Returned as Undeliverable [13].

This Court has repeatedly warned Petitioner that failure to advise the Court of a change in his address may result in dismissal. *See* Order [2], at pp. 1-2, Order [5], at pp. 1-2; Order [7], at p. 2. As the Court noted in its Order to Show Cause [12], incarcerated Plaintiffs have a duty to inform the Court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. State of La.*, Civil Action No. 87-3951, 1988 WL 54768, *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the Court of a change in Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon,* Civil Action No. 87-3951, 1988 WL 54768 at *1; Carey, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect," provides that "[i]f the plaintiff fails to prosecute or to comply

with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calenders of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(*per curiam*)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion). The Court is of the opinion that Petitioner's claims should be dismissed for failure to prosecute and to comply with this Court's Orders. *See* FED. R. CIV. P. 41(b).

Based on the record before this Court, the undersigned also finds that the Magistrate Judge properly recommended that Defendant's Motion to Dismiss Petition for Writ of Habeas Corpus be granted pursuant to 28 U.S.C. § 2241. After referral of hearing by this Court, no objections having been filed, and the Court, having fully reviewed the same as well as the record in this matter, and being duly advised in the premises, finds that the Magistrate's Report and Recommendation should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and

Recommendation [10] of Chief United States Magistrate Judge John M. Roper entered on December 9, 2008, be, and the same hereby is, adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss [9], filed November 6, 2008, should be and is hereby **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus is hereby **DISMISSED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE